**FILED**
**Dec 07, 2020**
**08:58 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **Graham Boone,** | ) | **Docket Number: 2019-02-0486** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 98926-2019** |
| **Luther Danny Farmer,** | ) | |
| **Uninsured Employer.** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION ORDER

---

Graham Boone requested medical, temporary and permanent disability benefits for a work-related injury he sustained on August 15, 2019, while working for Luther Danny Farmer. Considering the evidence presented at the Compensation Hearing on November 30, 2020, the Court holds he is entitled to the requested benefits.

### History of Claim

Mr. Farmer approached Mr. Boone, a Washington County, Tennessee resident, and asked him to work for him installing siding. Mr. Boone, who was not a trained or experienced construction worker, agreed to work on a residence in Baileyton, Tennessee. He worked twenty-five hours the first week and fifteen the week of the injury. Mr. Farmer supplied the tools, directed the work, set working hours, and paid him $10.00 per hour.

The accident occurred on August 15, 2019, when a ladder fell out from under Mr. Boone, injuring both arms. Mr. Farmer drove him to the hospital. Eventually, Dr. Reagan Parr treated Mr. Graham for a broken right wrist and multiple fractures in his left hand. Dr. Parr performed two surgeries and eventually released Mr. Boone in October 2019 with restrictions to his hand. For treatment from the fall, Mr. Boone submitted medical bills of $155,634.00 from Johnson City Medical Center, $29,596.00 from Appalachian Orthopedics and $13,981.46 from Mountain Empire Surgery Center.

On October 3, Mr. Graham filed a Petition for Benefit Determination (PBD) requesting medical and temporary disability benefits. Afterward, a Bureau investigator completed an Expedited Request for Investigation Report in which he determined that Mr.

1

Graham was Mr. Farmer's employee and that Mr. Farmer was uninsured on the date of injury.

Mr. Farmer no longer employed Mr. Boone after the incident. Mr. Boone was unable to find work with the restrictions to his hand. Also, he was unable to continue treatment with Dr. Parr due to lack of funds. Dr. Parr eventually agreed to see Mr. Boone on August 28, 2020, and released him without restrictions, placed him at maximum medical improvement and assessed a twenty-percent impairment.

Mr. Boone argued that Mr. Farmer hired him, and as an employee he is entitled to workers' compensation benefits. Mr. Farmer did not appear for the Compensation Hearing.

### Findings of Fact and Conclusions of Law

Mr. Boone must prove all elements of his case by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2019).

The first issue is whether Mr. Farmer employed Mr. Boone. Mr. Farmer performs construction work for which Mr. Boone has no experience or training. Mr. Farmer supplied the tools, paid him hourly, set the work hours, and directed the work. The Court finds that Mr. Boone was Mr. Farmer's employee.

The second issue is medical benefits. Mr. Boone established he suffered a work-related injury. Therefore, Mr. Farmer was obligated to provide medical treatment made reasonably necessary by the accident. *See* Tenn. Code Ann. 50-6-204(a)(1)(A). He failed to provide the statutorily-required medical benefits, so Mr. Boone treated on his own.

The facts show that Mr. Farmer transported Mr. Boone to the hospital after the accident, and it can be inferred from the records that his treatment at the hospital and Appalachian Orthopedics was necessary and reasonable to treat his injuries. *See Smith v. Everidge, Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 5, at *6-7 (Feb. 10, 2020). Therefore, the Court holds that Mr. Boone is entitled to payment of past medical benefits totaling $155,634.00, which he incurred at Johnson City Medical Center, $29,596.00 to Appalachian Orthopedics and $13,981.46 to Mountain Empire Surgery Center. Further, he is entitled to ongoing medical treatment with providers at Appalachian Orthopedics.

The third issue is temporary benefits. Mr. Boone is entitled to them if his work accident caused him to miss work or earn less money than before his injury. Tenn. Code Ann. § 50-6-207(1)-(2). The records and testimony suggest that Mr. Boone was unable to work for a period of time following his injury, and this would entitle him to temporary total disability benefits. *See Smith*, at *7-8.

Mr. Graham only worked one and one-half weeks before his injury. The Court finds

2

that since he worked twenty-five hours the week before his injury, it is reasonable to set his work hours at twenty-five per week at $10.00 per hour for an average weekly wage of $250.00 and a benefit rate of $166.67 per week. He was unsure about the date his doctor released him for work in October 2019, so the Court holds he is entitled to temporary total disability benefits of $1,095.26 from the day after the injury through September 30, 2019. After his release for work with restrictions, he was unable to find work until Dr. Parr placed him at maximum medical improvement, so he is entitled to temporary partial disability benefits from October 1, 2019, to August 27, 2020, of $7,857.30.

The fourth issue concerns the permanency of Mr. Boone's injury. Dr. Parr provided him a twenty-percent impairment. This entitles Mr. Boone to an original award of ninety weeks of permanent partial disability or $15,000.30. His initial period of benefits ends on May 21, 2022.

Finally, Mr. Farmer must provide temporary disability and medical benefits. However, since he did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* temporary disability benefits and medical benefits if certain criteria are met. (See attached Benefits Request Form). Mr. Boone must establish that:

1. He worked for an employer who failed to carry workers' compensation insurance;
2. He suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015;
3. He was a Tennessee resident on the date of the injury;
4. He provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred; and
5. He secured a judgment for workers' compensation benefits against the employer for the injury in question.

Mr. Boone worked for an uninsured employer and was a Tennessee resident on the date of injury. He also provided notice to the Bureau within sixty days of the injury by filing a PBD on October 3. Further, he also proved, by the preponderance of the evidence at a Compensation Hearing, that he suffered an injury arising primarily out of his employment and has secured a judgment for past medical expenses and temporary total disability benefits. This order serves as a judgment for benefits. Mr. Boone satisfied the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Boone's request for medical benefits is granted. Mr. Farmer shall pay his past medical expenses of $155,634.00 to Johnson City Medical Center, $29,596.00 to

Appalachian Orthopedics and $13,981.46 to Mountain Empire Surgery Center. Mr. Farmer must also provide ongoing medical benefits with Appalachian Orthopedics.

2. Mr. Farmer shall pay to Mr. Boone temporary total disability benefits of $1,095.26[1] and $7,857.30 in temporary partial disability benefits.

3. Mr. Farmer shall pay to Mr. Boone $15,000.30 in permanent partial disability benefits in a lump sum.

4. Mr. Boone satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and is eligible to receive limited medical benefits from the Uninsured Employers Fund *at the Administrator's discretion*. Mr. Boone must complete and file the attached form. Mr. Boone may contact an Ombudsman at 1-800-332-2667 for assistance with this process.

5. The Court assesses the $150.00 filing fee to Mr. Farmer to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) within five business days of this order becoming final, and for which execution might issue if necessary.

6. Mr. Farmer shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

7. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED December 7, 2020.**


 /S/ Brian K. Addington
**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

---

[1] UEF, using its discretion, previously paid Mr. Boone the $1,095.26 following an Expedited Hearing.

# Appendix

**Exhibits:**

1. Affidavit of Mr. Boone
2. Medical Records and Bills from Johnson City Medical Center
3. Medical Bills from Appalachian Orthopedics
4. Medical Record from Dr. Parr
5. Medical Bills Mountain Empire Surgery Center
6. Final Medical Report from Dr. Parr.

**Technical Record:**

1. Petition for Benefit Determination
2. Expedited Request for Investigative Report
3. Original and Final Dispute Certification Notices
4. Request for Expedited Hearing
5. Employer's Objection for a Decision On-the-Record
6. Order Denying Request for Decision On-the-Record
7. Expedited Hearing Order
8. Amended Scheduling Hearing Order

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on December 7, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Graham Boone, Employee | X | | X | 102 Boyd St. Johnson City, TN 37604 grahamfrance444@gmail.com |
| Danny Farmer, Employer | X | | X | 806 East Hillcrest Dr. Johnson City, TN 37604 danny.mrsandless@gmail.com |
| LaShawn Pender, Uninsured Employers' Fund | | | X | lashawn.pender@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*